

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2003

# Atique v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket 02-3283

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Atique v. Atty Gen USA" (2003). *2003 Decisions.* Paper 616.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/616

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-3283

———————

QUAZI MUSTAFA ZAHID ATIQUE,
Petitioner

v.

John Ashcroft, Attorney General of
the United States,
Respondent[*]

———————

APPEAL FROM THE UNITED STATES IMMIGRATION
AND NATURALIZATION SERVICE
Agency No. A71-498-356

———————

Submitted Under Third Circuit LAR 34.1(a)
April 11, 2003

———————

Before: BARRY, ROSENN, <u>Circuit Judges</u> and POLLAK,[**] <u>District Judge</u>

———————

(Opinion Filed: April 28, 2003)

———————

[*] John Ashcroft, as the Attorney General of the United States, rather than the Immigration and Naturalization Service, is the proper respondent in a petition for review of an order of removal. <u>See</u> 8 U.S.C. § 1252(b)(3)(A). The caption is ordered changed to reflect the proper party.

[**] The Honorable Louis H. Pollak, Senior District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

OPINION

BARRY, <u>Circuit Judge</u>

Petitioner Quazi Mustafa Zahid Atique, a citizen of Bangladesh, filed this timely petition for review of a final order of removal issued by the Board of Immigration Appeals, affirming without opinion the decision of the Immigration Judge ("IJ"). We have jurisdiction under 8 U.S.C. § 1252(a), and will deny the petition.

Because we write only for the parties, we will not recite the factual background of this case, except as necessary to explain our decision. In this petition, Atique challenges the IJ's finding that he had not been subject to past persecution and did not have a well-founded fear of future persecution in Bangladesh because of his status as a former officer in the Pakistani military. Atique fought on behalf of Pakistan in the civil war between Pakistan and the current Bangladesh. Because the Board affirmed without opinion, and Atique has not challenged the procedure by which it summarily affirmed, we review the decision of the IJ as the final administrative determination.

The Immigration and Nationality Act ("INA") authorizes the Attorney General, in his discretion, to grant asylum to an alien who is a "refugee" as defined in the Act, *i.e.,* an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1158(b)(1);

2

1101(a)(42)(A). The IJ's determination that Atique was not eligible for asylum must be upheld if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4). It can be reversed only if the evidence is such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Findings of fact, including findings regarding "persecution" and "well-founded fear of persecution," are reviewed under the deferential substantial evidence standard. Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001). Moreover, we may reject the interpretation of the immigration laws only if it is "arbitrary, capricious, or manifestly contrary to the statute." Chang v. INS, 119 F.3d 1055, 1060 (3d Cir. 1997).

In order to be entitled to withholding of deportation, an alien must satisfy the stricter standard of showing "a clear probability of persecution." INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). "[T]he standard is that he must show that it is more likely than not that he will face persecution if he is deported." Lin v. INS 238 F.3d 239, 244 (3d Cir. 2001). Therefore, if an alien is unable to establish eligibility for asylum, he is ineligible for withholding of deportation. See Cardoza-Fonseca, 480 U.S. at 443-44.

Atique claims that he is eligible for asylum on the basis of his status as a former member of the Pakistani military. The IJ found that Atique's past service in the Pakistani air force is an immutable trait or belief, potentially constituting the basis for an asylum claim based on persecution on account of political opinion or membership in a particular

3

social group. The IJ determined, however, that there was no objective evidence that Atique's status as a former member of the Pakistani air force had resulted in past persecution or would create a reasonable likelihood of future persecution.

In order to show that he has a well-founded fear of persecution, Atique must show both that he genuinely fears persecution if he returns to Bangladesh and that his fear is objectively reasonable. Lin, 238 F.3d at 244. "For the government's action to constitute persecution, it must amount to more than generally harsh conditions shared by many other persons, but does include threats to life, confinement, torture, and economic restrictions so severe that they constitute a real threat to life or freedom." Id. at 243-44.

Atique contends that several events constitute past persecution. The first is his imprisonment in a Pakistani concentration camp for two years beginning in 1972. The second is his alleged forcible recruitment into Bangladesh's air force following his release from the Pakistani camp, and the concomitant harassment, which continued until 1981. The third is alleged verbal and physical harassment by supporters of the Bangladesh National Party ("BNP") because of his prior support of the Jatiyo party and its leader, General Ershad.

The IJ's finding that there was no past persecution is supported by substantial evidence. First, Atique's confinement by the Pakistan government does not support his claim of persecution by the government of Bangladesh. Second, Atique's allegation of forcible recruitment to Bangladesh's air force is not supported by the record. Atique

4

testified at his immigration hearing only that he was "accepted" into the Bangladesh air force–not that he was "forcibly recruited" into it, as he contends in his brief. (Petitioner's Br. at 5; R. at 69.) Moreover, the harassment allegedly inflicted on Atique during his service in the Bangladesh air force–providing him with inadequate practice hours to maintain his flying skills and failing to consider his application to resign in a timely fashion–does not rise to level of persecution. "'[P]ersecution' is an extreme concept that does not include every sort of treatment our society regards as offensive." Fatin v. INS, 12 F.3d 1233, 1243 (3d Cir. 1993).

Third, and finally, the alleged continuous pressure by BNP supporters to force Atique to resign from his civil government position, including the use of campaign posters urging his ouster, does not constitute persecution. Substantial evidence supports the IJ's finding that the physical assault in 1990 in Atique's office by BNP supporters, which ended when they were apprehended by a security guard, was an isolated event that occurred during a period of civil unrest throughout Bangladesh. The fact that Atique was caught in the "generally high-level of violence associated with Bangladesh politics" does not mean he was persecuted. (R. at 136-37, U.S. DEPARTMENT OF STATE, BANGLADESH: PROFILE OF ASYLUM CLAIMS & COUNTRY CONDITIONS (Feb. 1998).) Similarly, the government's alleged failure to pay a pension to Atique's family, in the absence of evidence that it was connected to his status as a former Pakistani air force officer, is not evidence of persecution. In sum, the IJ's finding of no past persecution is supported by

5

substantial evidence.

In addition, the IJ found no objective evidence that Atique's subjective fear of future persecution was well-founded. Atique's contention that he would suffer persecution if he returned to Bangladesh is based on two theories. First, he fears future persecution based on the past persecution he believes he experienced. Second, he fears that he will be arrested immediately upon returning to Bangladesh because he did not obtain permission to depart, permission which was required because he was a former military officer.

With regard to Atique's first contention, the regulatory presumption of future persecution does not arise in this case given that substantial evidence supports the IJ's finding of no past persecution. See Obianuju Ezeagwuna v. Ashcroft, 301 F.3d 116, 126 (3d Cir. 2002). In addition, substantial evidence supports the IJ's finding that conditions in Bangladesh have, if anything, changed for the better with regard to Atique's situation since his departure in 1991. In the 1996 election, which brought the Awami League to power, the Jatiyo party won 30 seats in Parliament, Jatiyo party members were appointed to cabinet appointments in the new government, and General Ershad was permitted to take his seat in Parliament although he was formally still in custody on charges of graft. There is no "evidence of systematic political repression on a scale that would make it difficult for opposition party members to continue to live and take an active role in politics in Bangladesh." (R. at 136, U.S. DEPARTMENT OF STATE, BANGLADESH: PROFILE

6

With regard to Atique's second contention, no objective evidence supports the conclusion that he will be arrested upon his return to Bangladesh. More than his mere say-so is required. Moreover, even if Atique does face arrest for violation of a publicized law against unauthorized departure by former military personnel, he has not established that a reasonable person in his position would fear persecution rather than mere prosecution.

In conclusion, because Atique failed to demonstrate either past persecution or a well-founded fear of future persecution, the IJ's decision denying asylum will be upheld.[1] In addition, because Atique does not qualify for asylum, the IJ correctly concluded that he could not satisfy the more stringent standard for withholding of deportation.

The petition for review will be denied.

TO THE CLERK OF COURT:

Kindly file the foregoing opinion.

/s/ Maryanne Trump Barry
Circuit Judge

---

[1] Atique claims that his petition arises in part under the Convention Against Torture ("CAT") and was denied by the IJ on that basis. The IJ does not appear to have denied Atique relief under the CAT. However, because Atique has not raised this issue in his brief to us, the argument is waived.